17-2117
Yu v. Barr

BIA
A072 485 206

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty.

PRESENT:
JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
JOSÉ A. CABRANES,
    *Circuit Judges.*

_____

HO MAI YU, AKA HE MEI YU,
    *Petitioner,*

v.                                          17-2117
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Yee Ling Poon; Deborah
                       Niedermeyer, Of Counsel, Law
                       Office of Yee Ling Poon, New
                       York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Keith I.
                       McManus, Assistant Director;
                       Maarja T. Luhtaru, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ho Mai Yu, a native and citizen of the People's Republic of China, seeks review of a June 13, 2017, decision of the BIA, denying her motion to reopen. *In re Ho Mai Yu,* No. A072 485 206 (B.I.A. June 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Yu asserted that conditions for Christians had worsened in her home province of Zhejiang, China excusing the untimely and number barred filing of her motion and demonstrating her prima facie eligibility for asylum based on her practice of Christianity.

It is undisputed that Yu's 2017 motion was untimely and number barred because it was her second motion to reopen filed more than 12 years after her exclusion order became final in 2004. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations for filing a motion to reopen do not apply if

2

reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Yu failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, the evidence demonstrates that the Chinese government has repressed Christians, attempted to control their religious practices, and sporadically cracked down on rapid religious growth since long before Yu's 1995 hearing.

Accordingly, because the BIA reasonably concluded that Yu failed to demonstrate a material change in conditions in China, it did not abuse its discretion in denying her motion as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Because the denial as untimely and

3

number barred is dispositive, we do not reach the BIA's alternative basis for denying Yu's motion—her failure to establish her prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

</div>